UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL GLAVE,

        Petitioner,

   v.

PATRICK GLEBE,

        Respondent.

CASE NO. C11-5529-RJB-JRC

ORDER STAYING AN ACTION AND DIRECTING POTENTIAL "NEXT FRIEND" PETITIONERS TO SHOW CAUSE

This petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Respondent has filed a motion to dismiss Dana Glave and Alvin Hegge as "next friend" petitioners (ECF No. 15). Dana Glave and Alvin Hegge have not been named as "next friend" petitioners because they never brought a motion before the Court. See Vargas v. Lambert, 159 F.3d 1161, 1165 (9th Cir. 1998)(mother filed a motion to be appointed her son's "next friend."). "Next friend" standing is by no means granted automatically to

whoever seeks to pursue an action on behalf of another. Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). As noted in Vargas v. Lambert, 159 F.3d at 1166:

> The Supreme Court recognized in *Whitmore* that a habeas petitioner may demonstrate standing as a "next friend." 495 U.S. at 163, 110 S.Ct. 1717. A next friend does not herself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* The Court set out "at least two firmly rooted prerequisites to 'next friend' standing":
>
> First, a next friend must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest. The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Petitioner in this action, Michael Glave, signed the petition (ECF No. 1). It was served and respondent has filed a motion to dismiss the petition as time barred (ECF 11).

Defendants have also filed a motion to dismiss Dana Glave and Alvin Hegge (ECF No. 15), who have asked for an extension of time to respond to that motion (ECF 17).

The Court does not know if Mr. Glave may need a "next friend" to represent him. Dana Glave and Alvin Hegge should make application to the Court in order for the Court to make that determination.

Therefore, this action is STAYED. Dana Glave and Alvin Hegge will have until November 18, 2011, to file a motion with supporting evidence showing that Mr. Glave is unable to represent himself. The burden is on the "next friend" clearly to establish the

propriety of his status and thereby justify the jurisdiction of the court. Id. at 164; (citing) Groseclose ex rel. Harries v. Dutton, 594 F.Supp. 949, 952 (MD Tenn.1984).

Respondent will have until December 9, 2011, to respond. Dana Glave and Alvin Hegge will have until December 16, 2011, to file a reply and the Court will then consider whether Mr. Glave may proceed with this petition himself or if appointment of either a "next friend" petitioner or counsel is appropriate in this case.

Dated this 17th day of October, 2011.

J. Richard Creatura
United States Magistrate Judge