UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL GLAVE,<br><br>               Petitioner,<br><br>   v.<br><br>PATRICK GLEBE,<br><br>               Respondent. | CASE NO. C11-5529RJB<br><br>ORDER |

This matter comes before the court on the Magistrate Judge's Report and Recommendations, recommending dismissal of Dana Glave and Alvin Hegge as next friend petitioners in this action (Dkt. 34), and recommending dismissal of the petition as time barred (Dkt. 35). The court has considered the Magistrate Judge's recommendations (Dkt. 34 and Dkt. 35), all relevant briefing, petitioner's objections (Dkt. 36 and Dkt. 38), and the remainder of the file herein.

RELEVANT PROCEDURAL BACKGROUND

On April 22, 2005, petitioner was convicted in Washington Superior Court of rape of a child in the first degree (Count I), and attempted rape of a child in the first degree (Count II).

ORDER- 1

1   Dkt. 1 at 2.  Petitioner is a prisoner at Stafford Creek Corrections Center in Aberdeen,

2   Washington.  Dkt. 1 at 1.

3   On July 12, 2011, petitioner filed a federal habeas corpus petition in this court.  Dkt. 1.

4   The petition lists as next friend petitioners (1) Dana Glave, petitioner's wife, and (2) Alvin

5   Hegge, a fellow prisoner at Stafford Creek.  Dkt. 1 at 1.

6   On August 30, 2011, respondent filed a motion to dismiss Dana Glave and Alvin Hegge

7   as next friends.  Dkt. 15.  The court then directed the potential next friend petitioners to show

8   cause why next friend status was appropriate.  Dkt. 25.  On November 21, 2011, petitioner

9   responded and filed an application for next friend standing.  Dkt. 29.  Petitioner's response

10  included a cross-motion to dismiss the Assistant Attorney General assigned to represent the

11  respondent.  Dkt. 29.  On December 8, 2012, respondent filed a response to petitioner's

12  application for next friend standing.  Dkt. 31.

13  On August 30, 2011, respondent filed a motion to dismiss the petition for writ of habeas

14  corpus as time barred pursuant to 28 U.S.C. § 2244(d).  Dkt. 11.

15  On January 24, 2012, Magistrate Judge J. Richard Creatura filed a Report and

16  Recommendation (Dkt. 34), recommending that respondent's motion to dismiss as next friends

17  be granted and that petitioner's cross-motion to dismiss the Assistant Attorney General be

18  denied.  On January 26, 2012, Magistrate Judge Creatura filed a Report and Recommendation

19  (Dkt. 35) on respondent's motion to dismiss the petition for a writ of habeas corpus as time

20  barred, recommending that the motion be granted.

21  Petitioner subsequently submitted additional filings, including objections to each Report

22  and Recommendation.  On February 7, 2012, petitioner filed objections to the Report and

23  Recommendation (Dkt. 34) on respondent's motion to dismiss as next friend petitioners.  Dkt.

24

36. Also on February 7, 2012, petitioner filed a reply to respondent's response to the application for next friend standing (Dkt. 31). Dkt. 37. On February 14, 2012, petitioner filed objections to the Report and Recommendation (Dkt. 35) on respondent's motion to dismiss the petition as time barred. Dkt. 38 and Dkt. 39.

<u>REPORT AND RECOMMENDATION ON MOTION TO DISMISS ALVIN HEGGE AND DANA GLAVE AS NEXT FRIEND PETITIONERS</u>

The court first considers the Report and Recommendation of the Magistrate Judge (Dkt. 34) on respondent's motion to dismiss Dana Glave and Alvin Hegge as next friend petitioners in this action (Dkt. 15).

A. *DISCUSSION*

    1. *Next Friend Petitioners*

In the order directing the potential next friend petitioners to show cause (Dkt. 25), this court set forth the requirements for next friend status:

> "Next friend" standing is by no means granted automatically to whoever seeks to pursue an action on behalf of another. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). As noted in *Vargas v. Lambert*, 159 F.3d at 1166:
>
>> The Supreme Court recognized in *Whitmore* that a habeas petitioner may demonstrate standing as a "next friend." 495 U.S. at 163, 110 S.Ct. 1717. A next friend does not herself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* The Court set out "at least two firmly rooted prerequisites to 'next friend' Standing."
>>
>> First, a next friend must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest. The burden is on the next friend clearly to establish the propriety of his status and thereby

1           justify the jurisdiction of the court.

2 Dkt. 25 at 2.

3      As noted by the Magistrate Judge, Ms. Glave and Mr. Hegge's response to the show cause order provides very little evidence regarding petitioner's ability to represent himself. Dkt. 34 at 3. Dr. Furst's progress notes show that petitioner suffers from anxiety and panic attacks (Dkt. 34 at 3, citing Dkt. 29 at 11), but this does not mean that petitioner is unable to represent himself. *See* Dkt. 34 at 3. According to Michael Shoemaker's 2007 primary encounter report, petitioner was psychotic but by May 2007 he was "fully oriented and alert." Dkt. 34 at 3 (citing Dkt. 29 at 11). Mr. Shoemaker's report, as quoted in petitioner's brief, also indicates that petitioner's "thought content revealed no hallucinations or delusions." Dkt. 34 at 3 (citing Dkt. 29 at 11). Further, petitioner himself acknowledges he has signed his own pleadings, further indication of his ability to represent himself. *See* Dkt. 29 at 24.

     The court concurs with the Magistrate Judge that petitioner is aware of the proceedings and able to participate in them. Dkt. 34 at 4. Ms. Glave and Mr. Hegge have not demonstrated that they have standing as next friends.

                *2. Petitioner's Other Arguments*

     Petitioner makes additional arguments in the application for next friend standing. Dkt. 29. Petitioner claims that he has a right to counsel of choice, which petitioner appears to indicate is Mr. Hegge or Ms. Glave. Dkt. 29 at 2. Neither Mr. Hegge nor Ms. Glave claim to be authorized by the Washington Supreme Court to practice law, and the court agrees with the Magistrate Judge that this claim is frivolous. *See* Dkt. 34 at 4. Petitioner also complains of the taking of his legal materials. Dkt. 29 at 5. The court agrees with the Magistrate Judge that this is

ORDER- 4

1  not relevant to the question of whether Mr. Hegge or Ms. Glave should be granted next friend
2  standing. *See* Dkt. 34 at 4-5.

### 3. Cross-Motion to Dismiss the Assistant Attorney General

Petitioner's application for next friend standing also includes a cross-motion to dismiss the Assistant Attorney General due to what petitioner claims is a conflict of interest. *See* Dkt. 29 at 1, 27. Petitioner does not support this conclusion. Petitioner also asserts that the Washington State Attorney General's office has a conflict of interest because Ms. Glave and Mr. Hegge have been named in a related criminal proceeding they have attempted to file in Grays Harbor Superior Court. Dkt. 34 at 4 (in record at Dkt. 13-2 at 86-131, Dkt. 13-3 at 1-24). A private citizen does not have the authority to file criminal actions, and the court also agrees with the Magistrate Judge that this cross-motion is frivolous.

### 4. Petitioner's Objections to the Report and Recommendation (Dkt. 34)

In response to the Report and Recommendation (Dkt. 34), petitioner submits a series of objections. Dkt. 36. The objections appear to address the following: (1) the length of petitioner's briefing (Dkt. 36 at 5); (2) what petitioner refers to as his right to "counsel of choice," including individuals not authorized to practice law in the State of Washington (Dkt. 36 at 6); (3) petitioner's claim that the court lacks authority to deny counsel of choice (Dkt. 36 at 7); (4) the alleged conflict of interest of the Washington State Attorney General's Office (Dkt. 36 at 8); and (5) the alleged wrongful taking of petitioner's legal materials (Dkt. 36 at 9). These objections are a repetition of petitioner's prior arguments. Petitioner fails to cite authority that would merit additional review of these claims, nor is the court aware of any authority that would do so.

B.  CONCLUSION

Dana Glave and Alvin Hegge do not meet the legal requirements to obtain next friend standing.  The court should adopt the Report and Recommendation of the Magistrate Judge to grant the motion to dismiss as next friends.  Further, the court should deny petitioner's cross-motion to dismiss the Assistant Attorney General.

However, while Dana Glave and Alvin Hegge do not meet the requirements of next friends, the court has considered all the documents filed on behalf of petitioner, including those documents filed by Ms. Glave and Mr. Hegge.

REPORT AND RECOMMENDATION ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME BARRED

The court next considers the Report and Recommendation of the Magistrate Judge (Dkt. 34) on respondent's motion to dismiss the petition for writ of habeas corpus as time barred (Dkt. 11).

A.  DISCUSSION

  1.  Time Bar under 28 U.S.C. 2244(d)

As discussed by the Magistrate Judge, federal habeas petitions are subject to a statute of limitations under the 1996 amendments to 28 U.S.C. § 2244(d).  The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>   (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), the limitation period begins on the date on which the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The Supreme Court on January 10, 2012, clarified that this is the date when the time for seeking review expired and not the date the state mandate issues. *Gonzalez v. Thaler*, _ U.S. _ 2012 WL 43513 (2012).

As the Report and Recommendation by the Magistrate Judge indicates, petitioner did not meet the one year period of limitation set forth by the statute. In his direct appeal, petitioner did not file either a motion for discretionary review, or a motion for extension of time to file a motion for discretionary review. Dkt. 35 at 10. Petitioner's direct appeal was dismissed January 30, 2007, and the one year statute of limitations began to run on March 2, 2007. Dkt. 35 at 9-10. The filing of a personal restraint petition in state court on March 26, 2008 was too late to toll the federal statute. Thus, the petition is time barred unless equitable tolling applies.

    2. *Equitable Tolling*

As the Magistrate Judge has indicated, the one-year statute of limitations under 28 U.S.C. § 2244(d) is subject to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (quoting *Calderon v. United States Dist. Court*, 163 F.3d 530, 541 (9th Cir. 1998) (*en banc*)) (other citations omitted). Additionally, "when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Id*. However, "equitable tolling is unavailable in most cases." *Miles*, 187 F.3d at 1107 (citing *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997)).

1    To obtain equitable tolling, petitioner has the burden of showing (1) that petitioner
2 pursued his rights diligently, and (2) that "extraordinary circumstances" prevented petitioner's
3 filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005) (citing *Irwin v. Department of Veterans*
4 *Affairs*, 498 U.S. 89, 96 (1990)).
5    The Report and Recommendation of the Magistrate Judge concludes that equitable tolling
6 does not apply in the present case.  The record shows that petitioner knew that his direct appeal
7 had been denied and his sentence affirmed in time to file a petition for a writ of habeas corpus
8 within the one year time limit set forth in 28 U.S.C. § 2244(d).  He does not meet his burden of
9 showing that he pursued his rights diligently, or that extraordinary circumstances prevented his
10 filing the petition on time.  Therefore, equitable tolling does not apply.
11       3.  *Petitioner's Objections to the Report and Recommendation (Dkt. 35)*
12    In response to the Report and Recommendation (Dkt. 35), petitioner, or Mr. Hegge
13 writing for petitioner (*see* Dkt. 38 at 3 "This writer, Alvin Hegge . . . ."), submits a series of
14 objections.  Dkt. 38 and 39.  The objections appear to address the following: (1) petitioner was
15 deprived of his State direct appeal in substance (Dkt. 38 at 2); (2) petitioner objects to that part of
16 the procedural history in the Report and Recommendation which notes he filed a statement of
17 additional grounds raising eleven other issues (Dkt. 38 at 2-3); (3) petitioner appears to argue the
18 one year statute of limitations has not yet begun to run since he claims the Court of Appeals
19 failed to appoint counsel (Dkt. 38 at 3); (4) petitioner claims he was not informed of the Court of
20 Appeals decision until the day before, or the day after the time to file a motion for discretionary
21 review expired (Dkt. 38 at 4); (5) petitioner claims he did not have access to portions of the
22 record (Dkt. 38 at 4); (6) petitioner argues he should be allowed an evidentiary hearing to show
23 he did not receive notice that the Court of Appeals had affirmed his conviction until March 9,
24

2007 (Dkt 38 at 5); (7) petitioner claims the majority of the Standard of Review at Dkt. 35 pages 7-8 is inapplicable (Dkt. 38 at 6-7); (8) petitioner requests an evidentiary hearing (Dkt. 38 at 7-11); (9) petitioner claims his actual innocence claim cannot be resolved until he is provided full access to the record (Dkt. 38 at 12-25); (10) petitioner claims to have been unaware of a medical condition that prevented his being able to grasp the proceedings (Dkt. 38 at 26-29); (11) petitioner argues the Report and Recommendation misinterprets *Gonzalez v. Thaler*, 565 U.S. _ U.S. _ 2012 WL 43513 (2012) (Dkt. 38 at 29-30).

To the extent petitioner is attempting to reach the merits of his case, those arguments are not relevant to consideration of whether his petition for a federal writ of habeas corpus is time barred. *See* Objections 1 and 2. Most of petitioner's other objections are attempts to show that his petition is not time-barred or that he did not have access to portions of the record. *See* Objections 3-7, 9-11. However, petitioner fails to cite authority that effectively supports his contentions, nor is the court aware of any such authority.

In Objection 8, petitioner objects to the Magistrate Judge's finding that an evidentiary hearing is not necessary (Dkt. 35 at 8). Dkt. 38 at 7-12. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's objections do not set forth factual issues that could not have

1 been previously discovered by due diligence.  Further, as noted by the Magistrate Judge, the facts
2 underlying petitioner's claims and objections are insufficient to establish that no rational fact
3 finder would have found him guilty of the underlying offense.  Dkt. 35 at 8.  Therefore, the court
4 agrees with the Magistrate Judge that an evidentiary hearing is not necessary to decide this case.

5       Finally, petitioner also re-submits objections to Dkt. 36, the Report and Recommendation
6 on next friend petitioners, as Dkt. 39.  These objections have been reviewed in this order in the
7 section on the next friend petitioners, and need not be revisited here.

8       *B. CONCLUSION*

9       This court's review of the facts indicates that petitioner's petition for a writ of habeas
10 corpus pursuant to 28 U.S.C. 2244(d)(1)(A) is time barred, and equitable tolling does not apply.
11 The court should adopt the Report and Recommendation of the Magistrate Judge to grant the
12 motion to dismiss petitioner's petition for a writ of habeas corpus as time barred.

13       *C. CERTIFICATE OF APPEALABILITY*

14       Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings for the United
15 States District Courts, the court must determine whether to issue a Certificate of Appealability
16 when the court enters a final order adverse to the petitioner.

17       The district court should grant an application for a Certificate of Appealability only if the
18 petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §
19 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c)(3), a habeas
20 petitioner must make a showing that reasonable jurists could debate whether, or agree that, the
21 petition should have been resolved in a different manner or that the issues presented were
22 adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S.Ct. 1595,
23 1603-04 (200) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  When the court
24

1  denies a claim on procedural grounds, the petitioner must show that jurists of reason would find

2  it debatable whether the district court was correct in its procedural ruling. *Slack*, 120 S.Ct. at

3  1604.

4        The court is dismissing this case on procedural grounds. Jurists of reason would not find

5  it debatable whether the court was correct in its rulings. A Certificate of Appealability should be

6  denied.

7        *D.  FUTURE FILINGS*

8        The filings in this case to date have been voluminous, and petitioner has had ample

9  opportunity to present his claims and arguments. Therefore, future filings by petitioner in this

10  case, other than Notice of Appeal, will be docketed by the clerk but not considered by this court.

11  <u>ORDER</u>

12        Accordingly, this court **ADOPTS** the Report and Recommendation (Dkt. 34) of the

13  Magistrate Judge, and respondent's motion to dismiss Dana Glave and Alvin Hegge as next

14  friend petitioners is **GRANTED**. Ms. Glave and Mr. Hegge are **DISMISSED** as next friend

15  petitioners. Petitioner's cross-motion to dismiss the Assistant Attorney General is **DENIED**.

16  The court **ADOPTS** the Report and Recommendation (Dkt. 35) of the Magistrate Judge, and

17  respondent's motion to dismiss the petition for habeas corpus as time barred is **GRANTED**. A

18  Certificate of Appealability is **DENIED**. Other than Notice of Appeal, future filings by

19  petitioner in this case will be docketed by the clerk, but not considered by this court.

20        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

21  to any party appearing *pro se* at said party's last known address.

22

23

24

1   Dated this 8th day of March, 2012.

_____
ROBERT J. BRYAN
United States District Judge

ORDER- 12