UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL GLAVE, et al., | CASE NO. C11-5529RJB |
| Petitioners, | ORDER ON MOTION TO DISQUALIFY JUDGE ROBERT J. BRYAN |
| v. | |
| PATRICK GLEBE, et al., | |
| Respondents. | |

On April 3, 2012, Petitioners filed a "Motion for Pre-Appeal Relief." Dkt. No. 43. On the twenty-ninth page of the 29-page document, in a section entitled "Relief Sought," Petitioners stated:

Petitioners further pray that this District Court will transfer this case to a different District Court Judge based on the allegations of potential judicial misconduct.

Id., p. 29.

Pursuant to Local General Rule 8(c), Judge Bryan reviewed plaintiff's motion, declined to recuse himself voluntarily, and referred the matter to the undersigned. Dkt. No. 44. Plaintiff's motion for voluntary recusal is therefore ripe for review by this Court.

ORDER ON MOTION TO DISQUALIFY JUDGE
ROBERT J. BRYAN- 1

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555.

This is precisely the situation presented by the facts of this case. Although Petitioners do not articulate the precise grounds upon which Judge Bryan should recuse himself, it is clear from their pleading that they consider his rulings in their matter to be erroneous and possibly unethical. The simple fact that a judge has made adverse rulings in a case does not form the

basis for a recusal. Petitioners present no evidence (aside from his adverse rulings) that Judge Bryan has "a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding."

This Court finds that Judge Bryan's impartiality in this matter cannot reasonably be questioned. The motion to disqualify Judge Bryan from presiding over this case will be DENIED.

The clerk is ordered to provide copies of this order to Petitioners and all counsel.

Dated this _9th_ day of April, 2012.

Marsha J. Pechman
Chief United States District Judge